Monell, J. (concurring.)
The evidencé in this case very clearly establishes, I think, that the pilot put on board the steam-tug, was not employed by the defendant, and was not, therefore, his servant. The weight of the evidence is, that the pilot was selected and employed by the plaintiff, the defendant merely agreeing . to pay his wages, fixed at five dollars a day, in addition to the charter price of the vessel.
Under this strong preponderance of the evidence, as shown in the opinion of my associate, the motion for a nonsuit should have been granted, or the jury should have been instructed, as requested by the defendant, that upon the evidence, the plaintiff was not entitled to recover.
I therefore concur in reversing the judgment on that ground, not deeming it necessary to examine the other ground discussed in the opinion of my associate.
It may be said, however, of that ground, that what *266 ever may be the relative powers and duties of masters and pilots in the navigation of coastwise vessels, and assuming that the pilot is subordinate to the master, still if the loss was caused by or through the negligence of the pilot) while in the discharge of his duty as such, as it is claimed by the plaintiff that it was in this case, the employer of the pilot, whoever he may. be, must suffer such loss. So that, if it had been established in this case, that the defendant had employed the pilot, and thus made him. his servant, he would be liable for any want of skill or negligence of the pilot as such.
Such liability grows out of the relation of master and servant, and is not affected by questions of authority on shipboard between master and pilot.
There is another reason why the verdict in this case should not be allowed to stand.
The court charged the jury, “That even if Cutler was employed by defendants as pilot, still he had no authority to take upon himself in such employment the entire working and control of the tug, or to relieve the captain or crew from any of the duties devolving on them. And it appearing from the evidence that the collision happened while the captain and mate were both at supper, the pilot being the only officer on duty with the consent and by an agreement between him and the captain, the pilot must be deemed in law to be the agent of the plaintiff and not of the defendant at the time, and the defendant cannot be made responsible for any injury happening through his neglect or default at such time.”
The verdict is irreconcilable with this instruction of the court, as it left the jury no alternative but to find for the defendant.
But they disregarded the instruction and found for the plaintiff.